In re STEINAU.

(Supreme Court, Appellate Division, First Department. December 31, 1897.)

EXECUTION AGAINST EXECUTOR—BURDEN OF PROOF.

Where, upon an application to the surrogate for leave to issue execution upon a judgment procured against an executor as such, the petition alleges that the executor as such has in his possession assets sufficient to satisfy the judgment, the burden of showing, under Code Civ. Proc. § 1826, that these assets, after payment of all sums chargeable against them for expenses and for claims entitled to priority as against the plaintiff, are not sufficient to pay all the debts, legacies, or other claims of the class to which the plaintiff's claim belongs, is upon the executor, and, if the executor presents no papers in opposition, the surrogate has authority to grant the application.

Appeal from order of surrogate.

In the matter of the application of Henrietta Steinau for an order that execution be issued from the granting of such order, the executors appeal. Affirmed.

Argued before VAN BRUNT, P. J., BARRETT, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

H. R. Richards, for appellants.

Otto Horwitz, for respondent.

VAN BRUNT, P. J. The respondent herein, having procured certain judgments against the appellants, as executors, applied to the surrogate for leave to issue executions upon said judgments, and alleged that the appellants, as executors, had in their possession assets sufficient to satisfy the judgments. The appellants presented no papers in opposition to the application, and an order was entered granting leave to issue the execution, from which order this appeal is taken. It is claimed upon the part of the appellants that the petition for leave to issue execution was defective in that it contained no allegation that there were assets in the hands of the executors which might be applied in the payment of the petitioner's claim without injuriously affecting the rights of others entitled to equality or priority of payment. That this position is not well taken is evidenced by the language of section 1826 of the Code of Civil Procedure, under which this application was made. The provision is as follows:

"At least six days' notice of the application for an order specified in the last section must be personally served upon the executor or administrator, unless it appears that service cannot be so made with due diligence; in which case, notice must be given to such persons and in such manner as the surrogate directs, by an order to show cause why the application should not be granted. Where it appears that the assets, after payment of all sums chargeable against them for expenses and for claims entitled to priority as against the plaintiff are not or will not be, sufficient to pay all the debts, legacies or other claims of the class to which the plaintiff's claim belongs, the sum directed to be collected by the execution shall not exceed the plaintiff's just proportion of the assets."

It therefore appears by the language of the section that the limitation of the right to execution depends upon the fact appearing that the assets are not sufficient to pay the plaintiff in full. In the case at bar the plaintiff alleged assets sufficient to satisfy the judg-

ment. This is clearly equivalent to an allegation of assets applicable to the judgment. The burden thereafter of showing that these .assets, after payment of all sums chargeable against them for expenses and for claims entitled to priority as against the plaintiff, are not sufficient to pay all the debts, legacies, or other claims of the class to which the plaintiff's claim belongs, is upon the executors. The judgment creditor can know but little of these facts. The executor possesses all the knowledge necessary to inform the court, and by the section quoted the duty is imposed upon the executor of making it appear that it is improper to issue an execution because of insufficiency of assets. Where the executor makes no answer to the allegation as to assets, it is clear that the surrogate has the authority to direct the issuing of an execution if he thinks proper.

The order should therefore be affirmed, with costs and disbursements. All concur.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, O'BRIEN, and INGRAHAM, JJ.